UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERICA LAYTON, ET AL					CIVIL ACTION NO. 13-cv-1634

VERSUS							JUDGE HICKS

CHEVRON ENVIRONMENTAL			MAGISTRATE JUDGE HORNSBY
MANAGEMENT CO., ET AL

**MEMORANDUM ORDER**

Plaintiffs filed their complaint in federal court based on an assertion of diversity jurisdiction. Plaintiffs, as the parties bringing the suit, have the burden of establishing facts that permit the exercise of jurisdiction. Their complaint is deficient in some respects, so they are directed to file an amended complaint by **July 1, 2013** to remedy the matters discussed below.

Plaintiffs describe themselves as residents of Louisiana. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). Plaintiffs will need to allege the state(s) in which they are domiciled.

The two defendants are Chevron Environmental Management Company and Conestoga-Rovers & Associates, Inc. Plaintiffs do not squarely allege the form of these entities, but it appears they may both be corporations. A corporation is deemed to be a

citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Plaintiffs allege the states in which the two defendants have their principal places of business, but they did not allege the states in which the entities are incorporated. The amended complaint will need to specifically allege that information.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of June, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE