

# United States District Court
OFFICE OF THE CLERK
**Western District of Louisiana**

October 15, 2021

*800 Lafayette St., Ste. 2100*
*Lafayette, LA 70501*
*337-593-5000*

Erica Layton
Samuel Earl Layton
Gerald Buntyn, Jr.
c/o Turner Duvall Brumby
Veron, Bice, Palermo & Wilson, LLC
P.O. Box 2125
Lake Charles, LA  70602-2125

Chevron Environmental Management Co.
c/o Michael R. Phillips
Kean Miller
909 Poydras Street, Suite 1400
New Orleans, LA  70112

Conestoga-Rovers & Associates, Inc.
c/o Albert M. Hand, Jr.
Cook, Yancey, King & Galloway
P.O. Box 22260
Shreveport, LA  71120-2260


Re:   Layton, et al. v. Chevron Environmental Management Co., et al.
      Case No. 5:13-cv-1634

Dear All:

     I have been contacted by Chief Judge S. Maurice Hicks, Jr. who presided over the above-captioned case.

     Chief Judge Hicks informed me that it has been brought to his attention that while he presided over the case, he owned stock in the parent company of Chevron Environmental Management Co.  His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Chief Judge Hicks directed that I notify the parties of the recently discovered conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

You are invited to respond to Chief Judge Hicks's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before November 1, 2021. Any response will be considered by another judge of this court without the participation of Chief Judge Hicks.

Sincerely,

TONY R. MOORE
Clerk of Court